The opinion of the Court was delivered by
Inglis, J.
The appellant’s claim for the exemption of his property in Charleston from city taxation is rested exclusively on that clause in the General Tax Act of December, 1865, which excepts from the class of property therein taxed, under the description, “lots, lands, and buildings,” such as during the year had been in the possession of the Ereedmen’s Bureau. The clause can have the operation which is thus attributed to it only by virtue of a legislative intention to this effect appearing therein. The policy of the State on any subject to which those under its authority are obliged to conform, can be known only from the laws of the State on that subject, and these ascertain as well the persons upon whom the obligation is imposed, as the nature and extent of the obligation itself. Whether the *56 General Assembly intended, in tbis clause of the Tax Act, to restrain the power of taxation which had been delegated to the city, is not„to be determined by any technical import of the particular terms or form of phraseology used. Unquestionably, the General Assembly being its own interpreter, the force of an absolute and permanent exemption has been given to words, in form of exception only. The case of The City Council vs. Condy, 4 Rich. 254, furnishes an illustration of this. But when the nature and purpose of the Act in which this clause occurs, and the terms in which the clause itself is expressed, are considered, it is manifest that it imports no more than that, for the particular occasion to which the operation of the Act is limited, the State will not subject to the tax which it is therein imposing on "lots, lands, and buildings,” generally, those described in the words of exception. It is difficult to distinguish between such an instance of expressed forbearance to tax, and a taciL forbearance, such as occurs in the common case of omission from an enumeration of the subjects of taxation. The necessity, in the one case, of expression, in order to take the particular class intended to be omitted out of a general class which is taxed, and in the terms of description of which it would otherwise be included, makes the only difference. When no general class in the enumeration embraces in its terms the favored particulars, a silent omission accomplishes the purpose. By a clause in the Tax Act of 1788, 5 Stat. 58, there is imposed a tax on “ carriages, (wagons, carts, and drays excepted.)” It cannot be supposed that, by this exception, the General Assembly meant not merely to express its own forbearance to tax, but also to prohibit all taxation of these articles by inferior jurisdictions. But having included in the enumeration of the subjects of taxation a class of articles under the general description, “ carriages,” and intending not to tax "wagons, carts, and drays,” it was necessary, by words of exception, *57 to withdraw these articles from the general class in which they would otherwise he embraced. Further effect than this will not be attributed to the exception in that instance. So far as the intention of the General Assembly is to be gathered from the form of words used, and the connection in which they occur, the present is in all respects like it. It is not perceived how such a mere exclusion by the State of any class of property from its own scheme of taxation, on a particular occasion, can indicate an intention that it shall not be taxed at all. Reasons which induce the State’s forbearance might not, in the judgment of the General Assembly, be at all applicable to the city, or might, as is suggested in this case, be there wholly overborne by contrary reasons. It may even be supposed that the General Assembly, foreseeing the necessity in the present instance of city taxation, may have, for this very reason, and because unwilling to increase the burden, excepted the property described from the operation of the State tax. Every Tax Act may be said to be a declaration of the policy of the State for the time being, but it is in the matter of its own taxation only, unless the intention that any of its provisions shall have a larger application is made manifest.
The cases cited at the bar are all widely distinguished from the present in this respect, that the claim to exemption is, in each instance, based upon statute law general in its terms and permanent in its nature, furnishing no internal evidence of a legislative intention to restrict its application. Such general rules of law must necessarily impose an obligation on all to whom they can apply. In the case of the banks, (3 Rich. 342,) the charters had declared them “ relieved” or “ exempt” from all taxes during the period for which they were incorporated. In the case of the glebe lands, (McMull. Eq. 139,) by a long course of legislation, the general rule of the non-liability of the “property of religious societies,” &c.; to taxation, had been established, *58 recognized, and expressly affirmed. And in the case of the tax on auction sales, (4 Rich. 257,) it is quite evident from the statutes on the subject, that the State intended to transfer, and therefore did transfer, to the city, the power to impose the tax only to the extent to which it was itself accustomed to exercise it at the time of transfer.
This Court does not discover any error in the judgment of the Court below on the issue made, and it is therefore affirmed, and the appeal dismissed.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Appeal dismissed.